Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| COLEGIO MI CUIDO Y EDUCACIÓN, INC., ET ALS<br><br>Recurridos<br><br>v.<br><br>RAÚL ANTONIO ORTIZ DÁVILA, ET ALS<br><br>Peticionarios | KLCE202500520 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.: HU2022CV00094 (208)<br><br>Sobre: Acción Reivindicatoria |

Panel integrado por su presidenta, la jueza Grana Martínez[1], la jueza Santiago Calderón y la jueza Álvarez Esnard.

Álvarez Esnard, jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de junio de 2025.

Comparece ante nos, el señor Raúl Antonio Ortiz Dávila, la señora Elizabeth Gómez Acevedo y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto, "matrimonio Ortiz-Gómez" o "Peticionarios") mediante *Petición de Certiorari* presentada el 12 de mayo de 2025. Nos solicita la revocación de la *Orden* emitida y notificada el 3 de abril de 2025, por el Tribunal de Primera Instancia, Sala Superior de Humacao ("foro primario" o "foro *a quo*"). Por virtud del aludido dictamen, el foro primario no permitió que los Peticionarios anunciaran nuevos testigos, pues ya el tribunal había notificado el calendario del caso y que este no sería alterado.

Por los fundamentos que expondremos a continuación, **denegamos** el presente recurso.

**I.**

Conforme surge del expediente, el 31 de enero de 2022, el Colegio Mi Cuido y Educación, Inc. ("Colegio") y la señora Irma I.

---

[1] Mediante Orden Administrativa OATA-2024-030 se designó a la Hon. Grace Grana Martínez en sustitución de la Hon. Olga E. Birriel Cardona, ya que está se acogió a los beneficios de retiro.

Fontánez,[2] como Presidenta del Colegio, instaron *Demanda* sobre acción civil contra los Peticionarios y Desiderata Realty, LLC ("Desiderata").[3] Además, se incluyó a la Cooperativa de Ahorro y Crédito Las Piedras, como parte con interés.[4] En lo pertinente a la controversia ante nuestra consideración, el Colegio alegó que adquirió de Desiderata una propiedad mediante la Escritura Número Nueve (9), otorgada el 15 de junio de 2020 ante el notario Víctor Martínez Cruz. La aludida finca consta inscrita en el Folio 126, Tomo 54 del Registro de la Propiedad del municipio de Las Piedras.

Asimismo, surge de las alegaciones de la *Demanda*, que la propiedad del matrimonio Ortiz-Gómez consta inscrita al Folio 225 del Tomo 61 del Registro de la Propiedad del municipio de Las Piedras.  De igual forma, el Colegio esbozó que su propiedad es la finca principal o matriz, que luego fue segregada en lotes, de los cuales uno de ellos constituye la finca adquirida por el matrimonio Ortiz-Gómez.

Del mismo modo, arguyó que una franja de la propiedad antes mencionada constituye el único acceso legal de la finca hacia la vía pública. Adujo que el matrimonio Ortiz-Gómez ha actuado como edificantes de mala fe y en ánimo de usurpar su propiedad. Ante este cuadro, explicó que incoó una acción de interdicto posesorio, en el caso HU2020CV00690, en la que el foro primario determinó que había sido perturbada la posesión. Por tal razón, instó la presente demanda. En esta invocó la protección registral, solicitó la reivindicación de la propiedad y una cantidad no menor de ciento cincuenta mil dólares ($150,000.00) por concepto de los

---

[2] Mediante *Sentencia Parcial* emitida el 18 de mayo de 2023, el foro primario declaró el desistimiento sin perjuicio de la reclamación por parte de la co demandante Irma I. Fontánez. Véase Apéndice *certiorari*, pág. 79.
[3] Apéndice *certiorari,* págs. 43-58.
[4] Mediante *Sentencia* emitida el 19 de octubre de 2022, se desestimaron las causas de acción levantadas contra la Cooperativa de Ahorro y Crédito Las Piedras. Véase Apéndice *certiorari,* págs. 75-79.

daños ocasionados por haber edificado y construido en terreno ajeno. De otro lado, solicitó que se ordenara la demolición y remoción de toda obra o estructura realizada por estos, incluyendo los portones y verjas. También, solicitó indemnización por daños continuos los cuales estimó en no menos de un millón de dólares.

En cuanto a las alegaciones contra Desiderata, el Colegio le imputó a esta parte el haber violentado la cláusula cuarta de la Escritura de Compraventa suscrita entre ellos, la cual disponía que *"aseguraba tener el suficiente título válido en derecho para vender dicha propiedad sin más cargas, gravámenes y/o limitaciones que las establecidas en la referida escritura".*[5] Por tanto, argumentó que Desiderata incumplió con sus obligaciones como vendedor.

Transcurridos varios trámites procesales, el 4 de marzo de 2025, el Colegio presentó *Moción en Solicitud de Orden Dando Concluido Descubrimiento de Prueba.*[6] Por virtud de este escrito, sostuvo que, el 24 de febrero de 2025, el matrimonio Ortiz-Gómez suspendió de manera unilateral, una deposición que se le estaba tomando al ingeniero Enrique Santiago Arroyo ("ingeniero Santiago)". Arguyó el Colegio, que los Peticionarios fundamentaron su proceder en que no estaban preparados para la continuación de la aludida deposición ya que no habían podido evaluar los documentos autenticados y discutidos por el ingeniero Santiago. Enfatizó que la suspensión de la toma de la deposición no tenía base legal y, consecuentemente, solicitó que se diera por concluido el descubrimiento de prueba y, por consiguiente, finalizada la deposición del ingeniero Santiago. Además, en lo pertinente, solicitó que ninguna de las partes anunciara más testigos a los ya previamente notificados, a saber, Irma Fontánez; Raúl Ortiz Dávila;

---

[5] Véase, inciso 85 de la *Demanda* en el Apéndice *certiorari*, pág. 56.
[6] Véase, Apéndice del Colegio, pág. 1-12.

Elizabeth Gómez; Roberto Tosado y los peritos, entiéndase, los ingenieros Castro Lozada; Santiago Arroyo; Guillermo Burgos; el contable Jaime Rivera y la testigo señora Rivera.

Ese mismo día, el **4 de marzo de 2025,** el foro primario mediante *Orden,* dispuso lo siguiente: "[p]arte codemandada en el término de (5) días replique lo informado por la parte demandante en cuanto al incumplimiento con lo ordenado por este Tribunal. Este caso tiene fecha de CAJ y no se va a permiutir [sic] más dilaciones por las partes".[7]

Subsiguientemente, el 7 de marzo de 2025, los Peticionarios presentaron *Moción* [sic] *Solicitando y Justificando Termino* [sic] *Adicional para Cumplir con Orden Judicial.*[8] Adujeron que la moción presentada por el Colegio, en la cual solicitaron dar por concluido el descubrimiento, era extensa y contaba con dieciocho (18) anejos. Del mismo modo, aludieron que la representación legal del matrimonio Ortiz-Gómez tenía otros asuntos judiciales pendientes en su calendario por lo que solicitaron una prórroga hasta el 17 de marzo de 2025 para cumplir con lo ordenado por el tribunal. En atención a lo solicitado por los Peticionaros, el foro primario emitió *Orden* el 7 de marzo de 2025, notificada **el 10 de marzo del mismo año** en la que dispuso lo siguiente: "[e]n este caso ya el Tribunal se expresó en la Orden del **4 de marzo de 2025**. No vamos a conceder más tiempo para el descubrimiento, la CAJ está senalada [sic] y no se va ha [sic] permitir ninguna otra dilación en este caso".[9]

En desacuerdo, el 19 de marzo de 2025, los Peticionarios presentaron *Moción* [sic] *Solicitando Clarificación Sobre Cual* [sic] *es la Extension* [sic] *de su Orden Emitida el 10 de Marzo de 2025*

---

[7] *Íd.* pág. 33.
[8] *Íd.*, págs. 35-37.
[9] *Íd.*, pág. 38.

*(Entrada 339 SUMAC).*[10] Por virtud de este escrito, esbozaron que con la *Orden* notificada el 10 de marzo de 2025, entendían que se dispuso la conclusión y total cierre del descubrimiento de prueba para todas las partes. Por ende, solicitaron que el foro primario aclarara el alcance de la aludida orden y, en consecuencia, determinara la culminación del descubrimiento de prueba para todas las partes, lo cual tendría el efecto judicial respecto a que aquel testigo no depuesto no declararía en el juicio.

No empece a lo anterior, el 20 de marzo de 2025, el Colegio presentó *Moción en Reacción a Solicitud del Codemandado Esposos Ortiz-Gómez.*[11] En esta, solicitó al foro primario que permitiera la deposición al ingeniero Guillermo Burgos ("ingeniero Burgos"), la cual originalmente estuvo pautada para llevarse a cabo el 31 de enero de 2025, pero se aplazó para el 31 de marzo de 2025. En vista de lo anterior, el 20 de marzo de 2025, notificado al día siguiente, el foro primario dispuso en cuanto a la solicitud de reconsideración de los Peticionarios: "[p]arte demandante y parte codemandada repliquen la solicitud de reconsideración en el término de (10) días".[12] Asimismo, en igual fecha, el foro *a quo* emitió *Orden* en la que determinó, en cuanto a la *Moción en Reacción* presentada por el Colegio, lo siguiente:

> No se permitirán más suspensiones de deposiciones en este caso. Se toma conocimiento de la deposición del 31 de marzo de 2025. Se apercibe que este caso tiene señalada la CAJ para el 9 de junio de 2025. No se aceptarán dilaciones, ni suspensiones en el presente caso. Las partes deberán presentar el informe (10) días antes de la vista con toda la prueba documental debidamente marcada e identificada. El incumplimiento con lo aquí ordenado podrá dar lugar a sanciones severas.[13]

Ulteriormente, el 30 de marzo de 2025, los Peticionarios presentaron *Moción* [sic] *Infomativa* [sic] *Sobre Perito Consultor Para*

---

[10] *Íd.*, pág. 39-47.
[11] *Íd.*, págs. 49-51.
[12] *Íd.*, pág. 51.
[13] *Íd.*, pág. 53.

*la Deposicion* [sic].[14] Mediante esta, expresaron que conforme surgía del expediente, en el presente caso, se permitió la deposición del ingeniero Burgos quien había sido anunciado previamente como perito. Agregaron que esta deposición sería el único contacto con dicho testigo del cual, aludieron que surgiría prueba técnica que requeriría investigación. Por tal motivo, informaron la contratación del ingeniero Félix Santiago Mezquida como perito consultor.

En respuesta a este escrito, el 30 de marzo de 2025, Desiderata instó *Urgente* [sic] *Moción en Oposición a "Moción Informativa Sobre Perito Consultor para la Deposición" y en Solicitud de Orden.*[15] Mediante la misma, recalcaron que el ingeniero Burgos no estaría ofreciendo testimonio sobre "prueba técnica que requiera investigación," sino que brindaría testimonio sobre su recuerdo de la finca objeto de la controversia. Por ende, solicitó que se declarara *No Ha Lugar* la solicitud de los Peticionarios para contratar un perito consultor. En igual fecha, Desiderata también presentó *Réplica a "Moción en Reacción a: Urgente* [sic] *Moción en Oposición a 'Moción Informativa Sobre Perito Consultor para la Deposición' y en Solicitud de Orden".*[16] En esta, esgrimió que lo Peticionarios habían presentado una extensa moción en la que establecieron los principios de derecho sobre el descubrimiento de prueba y en el mismo escrito, se le imputó a Desiderata no había divulgado sus testigos. En tal sentido, negó esta afirmación, y esbozó que desde que se remitió la contestación al interrogatorio a los Peticionarios, a saber, el 9 de mayo de 2024, estos fueron notificados que Desiderata estaría utilizando como testigo al ingeniero Burgos.

---

[14] *Íd.*, págs. 55-56.
[15] *Íd.*, págs. 57-58.
[16] *Íd.*, pág. 65-66.

Atendidos los escritos ante su consideración, el 31 de marzo de 2025, el foro primario resolvió lo siguiente: "[e]xaminados los escritos presentados por las partes, se provee Ha Lugar. Se pernite [sic] la comparecencia en la deposición del consultor. Este Tribunal aclara que lo anterior no es óbice para dilatar los procedimientos y mucho menos interferir con la deposición.[17] De igual forma, el 31 de marzo de 2025, los Peticionarios presentaron *Mocion* [sic] *Informativa,* en la que comunicaron que, la deposición al ingeniero Burgos se tomó y que estaría anunciando prueba para refutar las declaraciones de dicho testigo.[18]

Posteriormente, el 1 de abril de 2025, el Colegio presentó *Réplica a Moción Informativa de los Codemandados Esposos Ortiz-Gómez y Solicitud de Honorarios al Amparo de la Regla 37 de Procedimiento Civil.*[19] En esta, señaló que, conforme a la deposición tomada al ingeniero Guillermo Burgos, los Peticionarios pretendían traer prueba nueva. Ante esto, el Colegio se opuso y solicitó al foro primario que tomara conocimiento de lo antes expuesto y luego del trámite de rigor, procediera a dar por concluido el descubrimiento de prueba e impusiera una sanción económica razonable.

Por otro lado, el 3 de abril de 2025, los Peticionarios presentaron *Duplica a: "Replica* [sic] *a Mocion* [sic] *Informativa de los Demandados Esposos Ortiz-Gomez* [sic] *y Solicitud de Honorarios al Amparo de la Regla 37 de Procedimiento Civil.*[20] Mediante esta, arguyeron que, durante el último mes y medio, dos (2) testigos tardíamente anunciados por el Colegio fueron depuestos. Aclararon que antes de las deposiciones, dichos testigos no estuvieron disponibles. Como corolario de lo anterior, los Peticionarios adujeron que se proponían anunciar nuevos testigos

---

[17] *Íd.*, pág. 73.
[18] *Íd.*, pág. 74.
[19] *Íd.*, págs.75-77.
[20] SUMAC, Entrada 360.

para poder rebatir la información descubierta en las mencionadas deposiciones.

Examinadas las mociones antes presentadas, el **3 de abril de 2025**, el foro primario determinó lo siguiente: "No Ha Lugar, a lo planteado en esta moción. Las partes deben cumplir con lo ordenado, este caso está calendarizado y no se va a permitir más dilación con relación al descubrimiento. Toda moción adicional de las partes relacionadas al mismo tema se entenderá por no puesta".[21]

En desacuerdo, el 14 de abril de 2025, los Peticionarios presentaron escrito intitulado *Mocion* [sic] *Solicitando Clarificacon* [sic] *y/o Reconsideracion* [sic] *a Orden Emitida el Dia 3 de abril de 2025 (SUMAC 361) por Cuanto su Determinación* [sic] *no Parece Permitir Presentar los Testigos que Hemos Relacionado y Anunciado para el Juicio Tras Completada las Deposicion* [sic] *a los Testigos del Demandante lo que de Ser Asi* [sic] *Constituye una Violación* [sic] *al Debido Proceso De Ley.*[22] En esta, comunicaron que el 31 de marzo de 2025, se había llevado a cabo la deposición al ingeniero Burgos, quien era el último de los dos (2) testigos adicionales, no informados que testificarían en el juicio en su fondo. Puntualizaron que tales deposiciones a dichos testigos no fueron divulgadas en la contestación al interrogatorio. Por tanto, arguyeron que completadas las aludidas deposiciones y a tenor con la normativa aplicable sostuvieron que la determinación judicial era incomprensible pues no se violentó el calendario anunciado por el foro primario. Por consiguiente, reiteraron su postura en cuanto a que se aceptaran a los nuevos testigos anunciados para refutar la nueva prueba traída por los peritos depuestos.

---

[21] Véase, Apéndice *certiorari,* pág. 1.
[22] Íd., págs. 2-7.

Así las cosas, 15 de abril de 2025, el foro primario emitió *Orden* en la que le concedió al Colegio y a Desiderata término para replicar la moción presentada por los Peticionarios en diez (10) días.[23] Oportunamente, el 25 de abril de 2025, Desiderata presentó *Moción en Torno y en Oposición a "Moción Solicitando Clarificación y/o Reconsideración [...]"*.[24] Afirmó que conforme al *Informe para el Manejo del Caso*, el cual fue radicado el 23 de junio de 2023, los Peticionarios no anunciaron a los testigos y peritos adicionales. Por tanto, solicitó que se diera por no puesta la utilización de los testigos anunciados ya que constituiría prueba sorpresiva además de que el descubrimiento de prueba ya había culminado.

Asimismo, el 25 de abril de 2025, el Colegio presentó *Moción en Cumplimiento de Orden.*[25] En esta, esbozó que el foro primario en varias ordenes, había dispuesto que no se aceptarían, más dilaciones en el presente caso. De igual forma, alegó que ya se habían presentado solicitudes de reconsideración a dichas órdenes, por lo que instar una segunda solicitud de reconsideración era algo improcedente en nuestro ordenamiento. De igual modo, solicitó la imposición de severas sanciones a los Peticionarios. Atendido los escritos de las partes, el 28 de abril de 2025, el foro primario determinó lo siguiente: "[e]xaminados los escritos presentados por las partes, cónsono con lo ordenado por este Tribunal; se provee No Ha Lugar a la Reconsideración".[26]

No empece a lo anterior, el 30 de abril de 2025, los Peticionarios presentaron *Moción* [sic] *Bajo la Regla 49.2 de Procedimiento Civil a fin de Evitar Perjuicio e Injusticia.*[27] En esencia, argumentaron que no existía impedimento procesal para no permitir el anuncio a los testigos en controversia. Por tal

---

[23] SUMAC, Entrada 363.
[24] Véase, Apéndice *certiorari*, págs. 303-306.
[25] *Íd.*, págs., 307-311.
[26] SUMAC, Entrada 368.
[27] Véase, Apéndice *certiorari*, págs. 10-14.

motivo, solicitó, al amparo de la Regla 49.2 de Procedimiento Civil 32 LPRA Ap. R. 49.2, que el foro primario dejara sin efecto su orden y, por consiguiente, permitiera el uso de los testigos anunciados. En respuesta, el 1 de mayo de 2025, Desiderata presentó *Moción en Cumplimiento de Orden y en Oposición a "Moción Bajo la Regla 49.2 de Procedimiento Civil a Fin de Evitar Perjuicio e Injusticia," y Solicitando Desglose.*[28] En lo pertinente, solicitó que mantuviera su orden que prohíbe la utilización de los nuevos testigos anunciados por los Peticionarios, pues ello constituía prueba sorpresiva a las partes dado a que el descubrimiento de prueba había culminado.

Insatisfecho aun, el 12 de mayo de 2025, los Peticionarios presentaron el recurso de epígrafe y formularon los siguientes señalamientos de error:

> Primer Error: Erro el TPI en sus confusas ordenes que sin decirlo especificamente, [sic] excluyo, sin motivo o razón [sic] alguna en hecho y derecho, a todos nuestros [sic] testigos anunciados en tiempo; constituyendo ello en la practica una desestimación [sic] de nuestra causa de accion, [sic]cuando ello no se justifica a la luz del examen de los eventos ocurridos el 13 de enero de 2025 y ante el retraso de 60 dias [sic]en la deposicon [sic] pautada al ing. Guillermo Bugos, [sic] que se dilato 60 dias, [sic] por asunto totalmente ajenos a los recurrentes.
>
> Segundo Error: el TPI erro al eliminar el uso de nuestros testigos anunciados quienes prestaron detalladas declaraciones juradas utilizadas para soster [sic] la mocion [sic]dispositiva sometida a la atención [sic] judicial (apéndice xxxviii a - e, páginas 456 - 479), no empece a que ni el colegio, ni desiderata nunca les intereso hacer descubrimiento de preuba [sic] conducente a conocer quienes [sic] eran nuetros [sic] testigos y porque los mismos fueron anunciados inmediatamente luego de conocer el testimonio y la prueba del colegio y de desiderata. Considere que coforme [sic] nuetro [sic] estado de derecho procesal, tenemos hasta el momento del informe de conferencia con antelación [sic] a juicio para divulgar nuestros testigos

El 15 de mayo de 2025, esta Curia emitió *Resolución*, en la que concedimos un término de diez (10) días para que la parte recurrida presentara su oposición al recurso. Así pues, el 20 de mayo de 2025, Desiderata presentó *Solicitud de Desestimación y/o*

---

[28] Véase, Apéndice *de Desiderata*, págs. 7-11.

*Alegato en Oposición a Expedición de Recurso de Certiorari.* Mediante esta, alegó que esta Curia debía denegar el presente recurso y, además, esbozó que este foro intermedio no tenía jurisdicción para intervenir en la presente controversia, pues los Peticionarios incumplieron con los términos establecidos en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

Así las cosas, el 22 de mayo de 2025, los Peticionarios presentaron *Moción Bajo la Regla 47 de los Proceso ante este Honorable Tribunal Solicitando permita Oposición a Solicitud de Desestimación.* En esencia, el matrimonio Ortíz-Gomez esgrimió que Desiderata no tenía legitimación activa para oponerse pues no tenía reclamo alguno contra los Peticionarios.

Por su parte, el 29 de mayo de 2025, el Colegio presentó *Solicitud Desestimación por Falta de Jurisdicción y Perfeccionamiento de Recurso de Certiorari.* Por virtud de este escrito, esbozó que los Peticionarios presentaron el presente recurso de manera tardía. Por su lado, el 9 de junio de 2025, los Peticionarios presentaron *Oposición* [sic] *a Escrito Titulado* [sic]: *Solicitud Desestimacion* [sic] *por Falta de Jurisdicción* [sic] *y Perfeccionamiento de Recurso de Certiorari.*

Con el beneficio de la comparecencia de las partes, procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideración

## II.

### A. Certiorari

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.,* 203 DPR 708, 718 (2019). "El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior". *Rivera et al. v. Arcos*

*Dorados et al.,* 212 DPR 194, 207 (2023). Véase, además, *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, establece que el recurso de *certiorari* solo se expedirá cuando se recurra de (1) una resolución u orden sobre remedios provisionales o *injunction* o (2) la denegatoria de una moción de carácter dispositivo. Por excepción, se puede recurrir también de: (1) decisiones sobre la admisibilidad de testigos o peritos; (2) asuntos de privilegios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia, o (4) en casos que revistan interés público. *Íd.* De igual manera, puede revisarse "cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Íd.* Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni en ausencia de parámetros. *BPPR v. SLG Gómez-López,* 213 DPR 314, 337 (2023). La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari. Íd.* Estos criterios son:

    (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

    (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

    (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

    (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

    (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction, supra,* págs. 712-713. No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión". 32 LPRA Ap. V, R. 52.1.

### B. Manejo del Caso

El efectivo funcionamiento de nuestro sistema judicial, y la rápida disposición de los asuntos litigiosos, requieren que los jueces de instancia tengan gran flexibilidad y discreción para lidiar con el diario manejo y tramitación de los asuntos judiciales. *BPPR v. SLG Gómez-López,* 213 DPR 314, 333-334, (2023) citando a *In re Collazo I,* 159 DPR 141, 150 (2003). Es por ello, que a éstos se les ha reconocido poder y autoridad suficiente para conducir los asuntos litigiosos ante su consideración y para aplicar correctivos apropiados en la forma y manera que su buen juicio les indique. *Íd.*

Cónsono con lo anterior el Tribunal de Primera Instancia tiene el deber ineludible de garantizar que los procedimientos se ventilen sin demora, con miras a que se logre una justicia rápida y eficiente. *In re Pagani Padró,* 181 DPR 517, 529 (2011). Como regla general, los foros revisores no intervendrán con el manejo del caso ante la consideración del foro primario. Siendo así, el Tribunal Supremo ha manifestado, que los tribunales apelativos no deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio

o parcialidad, incurrió en craso abuso de discreción, o que incurrió en error manifiesto. *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018). El ejercicio adecuado de la discreción judicial se relaciona de manera estrecha con el concepto de razonabilidad. *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**III.**

En el presente recurso los Peticionarios solicitan nuestra intervención para que revoquemos la *Orden* dictada y notificada por el foro primario el 3 de abril de 2025. Por su parte, tanto Desiderata como el Colegio solicitaron que se desestimara el presente recurso por virtud de la Regla 83 (B) del Reglamento del Tribunal de Apelaciones, *supra.* Tras examinar amabas solicitudes de desestimación y sus respectivos escritos en oposición, declaramos las mismas *No Ha Lugar.*

Ahora bien, tras haber expuesto el marco jurídico y ponderados los argumentos presentados por los Peticionarios, resolvemos que no se han producido las circunstancias que exijan nuestra intervención en esta etapa de los procedimientos. Al amparo de los criterios que guían nuestra discreción no intervendremos en la determinación recurrida emitida por el foro primario como parte del manejo del caso ante su consideración. En el presente caso, el foro primario emitió una determinación discrecional y en ausencia de abuso de discreción, este foro no debe intervenir con las determinaciones del foro primario.

En armonía con lo anterior, los Peticionarios no han demostrado que el foro de instancia se excedió en el ejercicio de su discreción, ni que erró en la interpretación del derecho. Tampoco constató que el abstenernos de interferir en la determinación recurrida constituiría un fracaso irremediable de la justicia en esta etapa de los procesos, procede que se deniegue el recurso de *certiorari* de epígrafe. Cónsono con lo antes expuesto, no

intervendremos con la determinación discrecional del foro primario por tratarse de un asunto de manejo del caso, por lo cual no cumple con lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

**IV.**

Por los fundamentos expuestos, **denegamos** la expedición del auto de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones